[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS #104
The following facts are taken from the affidavit of Frank Romeo, a manager with Rent-A-Center. On or about April 2, 1993, the defendant, Michelle Torres, leased a 40" television from the plaintiff. Upon termination of the lease, the defendant failed and refused to return the television pursuant to the agreement. The plaintiff subsequently filed an Application for Prejudgment Remedy on November 16, 1993. On December 6, 1993, the court ordered that the plaintiff could replevy the television. On January 20, 1994, the defendant filed a Motion to Dismiss Prejudgment Remedy. The defendant moved for dismissal on the ground that the replevin was not properly served within thirty days of its issuance. The motion to dismiss the Prejudgment Remedy was granted by this court, Booth, J., on January 31, 1994.
On February 7, 1994, the defendant filed a Motion to Dismiss accompanied by a memorandum of law. The defendant moves to dismiss for lack of jurisdiction and insufficiency of process. The CT Page 3593 defendant moves to dismiss on the ground that the plaintiff has not complied with General Statutes 52-46, 52-46a, or 52-278j(a). On February 9, 1994, the plaintiff filed a memorandum in opposition to the motion to dismiss.
General Statutes 52-278j(a) provides for the dismissal of a prejudgment remedy if the plaintiff does not serve and return the writ, summons and complaint for which the prejudgment remedy was issued within 30 days of its issuance. This statute, however, is irrelevant because the prejudgment remedy was already dismiss by this court, Booth, J., on January 31, 1994.
General Statutes 52-46 provides that civil process that is returnable to the superior court should be served at least 12 days before the return date. The writ, summons and complaint has a return date of January 25, 1994. Sheriff Thomas Denihan's return states that he did not make service until January 14, 1994. Sheriff Thomas Denihan's return states that he did not make service until January 14, 1994, only 11 days before the return date. The defendant argues that the service was untimely and the plaintiff's claim must be dismissed. The plaintiff argues that Deputy Sheriff Dennis Panagrossi made proper service on January 9, 1994. However, there is nothing in the record which proves that service was made on January 9, 1994. Are turn made by Deputy Sheriff Panagrossi was stamped as received on February 1, 1994. The plaintiff admits that only Deputy Sheriff Denihan's service was sufficient.
 "By a statute passed in 1744 writs are to be served at least twelve days inclusive before the day of sitting of the court; of this, from its enactment to this present, one interpretation has been made; namely, writs may be served on Thursday returnable to the court sitting on the second Tuesday following; Thursday to be included, Tuesday to be excluded. That is, in computing time for the purpose of notice the whole of the day at any hour during which the preparatory act is performed shall be included; and the whole of the day, at any hour during which the event takes place, to which the preparatory act points, is excluded. Thus a precise meaning, an exact measure, has been given to the word "inclusive" used in this connection.
CT Page 3594
Brooklyn Trust Co. v. Hebron, 51 Conn. 22, 27.
The service of process was late. The motion to dismiss is sustained.
Robert P. Burns, Judge